Argued and submitted August 6, affirmed September 10, petition for review denied December 24, 2008 (345 Or 504)

## STEVEN R. WILSON,
*Petitioner,*

*v.*

## BOARD OF PAROLE
## AND POST-PRISON SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A132856

193 P3d 32

Andy Simrin argued the cause and filed the brief for petitioner.

Denise G. Fjordbeck, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

HASELTON, P. J.

**HASELTON, P. J.**

Petitioner, who received consecutive life sentences for two aggravated murders committed in 1985, raises various challenges to an order of the Board of Parole and Post-Prison Supervision. That order addressed, *inter alia*, petitioner's likelihood of rehabilitation with respect to one, but not both, of his sentences. For the reasons that follow, we conclude that the disposition in *Norris v. Board of Parole*, 331 Or 194, 13 P3d 104 (2000), *cert den*, 534 US 1028 (2001), is conclusive. Accordingly, we affirm.

The operative facts are undisputed. In 1986, petitioner was convicted on four counts of aggravated murder. The court merged two of the counts and imposed consecutive life sentences with 30-year minimums on the remaining two counts. At the time of petitioner's crimes, ORS 163.105 (1983) provided, in part:

"(1)   When a defendant is convicted of murder defined as aggravated murder pursuant to ORS 163.095(1), the court shall order that the defendant shall be confined for a minimum of 30 years without possibility of parole, release on work release or any form of temporary leave or employment at a forest or work camp.

"(2)   When a defendant is convicted of murder defined as aggravated murder pursuant to ORS 163.095(2), the court shall order that the defendant shall be confined for a minimum of 20 years without possibility of parole, release on work release or any form of temporary leave or employment at a forest or work camp.

"(3)   At any time after 20 years from the date of imposition of a minimum period of confinement pursuant to subsection (1) of this section, or at any time after 15 years from the date of imposition of a minimum period of confinement pursuant to subsection (2) of this section, the State Board of Parole, upon the petition of a prisoner so confined, shall hold a hearing to determine if the prisoner is likely to be rehabilitated within a reasonable period of time. * * *

"(4)   If, upon hearing all the evidence, the board finds that the prisoner is capable of rehabilitation and that the terms of the prisoner's confinement should be changed to life imprisonment with the possibility of parole, or work

release, it shall enter an order to that effect and the order shall convert the terms of the prisoner's confinement to life imprisonment with the possibility of parole or work release."

In 2005, petitioner sought a hearing pursuant to ORS 163.105(3) (1983). The board held a hearing and, after receiving extensive evidence pertaining to petitioner's asserted rehabilitation, issued an order in October 2005 that provided, in part:

"The board finds that the inmate is capable of rehabilitation and the terms of confinement should be changed to life imprisonment with the possibility of parole or work release; however, because the inmate has a consecutive life sentence for aggravated murder, on 10/18/2005 the inmate begins serving his second life sentence with a 30 year minimum term of confin[e]ment for his second conviction of agg[ravated] murder.

"The board establishes a murder review date of 10/18/2035 on the consecutive aggravated murder sentence.

"Inmate has been convicted of aggravated murder pursuant to ORS 163.095. At any time after 20 years (10/2025) from the date of imposition of a minimum period of confinement, the Board of Parole, upon petition, shall hold a hearing to determine if the prisoner is likely to be rehabilitated within a reasonable period of time."

Petitioner argues on review that the portion of the board's order indicating that he will not be eligible to apply for a rehabilitation hearing until 2025 is inconsistent with certain provisions of ORS 163.105 (1983). In particular, petitioner notes that ORS 163.105(3) (1983) provided in pertinent part that "[a]t any time after 20 years *from the date of imposition of a minimum period of confinement * * * the* State Board of Parole, upon the petition of a prisoner so confined, shall hold a hearing to determine if the prisoner is likely to be rehabilitated within a reasonable period of time."[1] (Emphasis added.) Thus, in petitioner's view, the board was required to provide a rehabilitation hearing on his second

---

[1] The current version of ORS 163.105 does not contain such language, but rather contemplates a rehabilitation hearing "after *completion* of a minimum period of confinement * * *." ORS 163.105(2) (emphasis added).

consecutive sentence—that is, not just on the first of his sentences—because 20 years have passed since *both* of his sentences were imposed.

The difficulty with petitioner's argument is that it cannot be squared with the Oregon Supreme Court's disposition in *Norris*. *Norris*, like the present case, concerned rehabilitation hearings for a person serving consecutive aggravated murder sentences. In *Norris*, the court stated that, as of the date that the board concluded that the petitioner was capable of rehabilitation,

> "the Board must change the first of petitioner's life sentences to life with the possibility of parole or work release. Petitioner is entitled to have that change occur retroactively to January 26, 1994, the date that the Board found him to be capable of rehabilitation. On that date, petitioner began serving his second life sentence with a 20-year minimum term of confinement for his second conviction of aggravated murder. *In 2009, 15 years from the date that he began serving that 20-year minimum term, petitioner may petition for a rehabilitation hearing, and that hearing also will be governed by ORS 163.105(3), (4), and (5) (1977). Only if the Board again finds that petitioner is capable of rehabilitation within a reasonable period of time, must the Board change petitioner's second aggravated murder sentence to life with the possibility of parole and work release.* Only at that point would petitioner become eligible for parole."

*Id.* at 207-08 (emphasis added).

To be sure, the Supreme Court in *Norris* did not address the particular argument raised by petitioner in this case with respect to the "date of imposition" language of ORS 163.105(3) (1983). Nevertheless, the holding in *Norris* appears to foreclose petitioner's argument here—indeed, petitioner's construction of the statute, however plausible, is irreconcilable with that holding.

Although *Norris* concerned the 1977 version of the statute and a 15-year minimum period of confinement, the statute is structurally and operatively identical to the version at issue here. Accordingly, given the holding in *Norris*, the board correctly concluded that petitioner will be eligible for a

second rehabilitation hearing after he has served the minimum period of confinement on his second aggravated murder sentence.

Affirmed.